J-S23006-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MALIK JOELL JOHNSON, | : | |
| | : | |
| Appellant | : | No. 69 EDA 2014 |

Appeal from the PCRA Order November 14, 2013,
Court of Common Pleas, Lehigh County,
Criminal Division at No. CP-39-CR-0001548-1998

BEFORE:  DONOHUE, SHOGAN and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JUNE 12, 2015**

Appellant, Malik Joell Johnson ("Johnson"), appeals from the order entered on November 14, 2013 by the Court of Common Pleas, Lehigh County, denying his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").[1]  For the reasons set forth herein, we affirm.

A brief summary of the relevant facts and procedural history is as follows.  On August 10, 1997, Johnson shot Ronald McPherson in the face, in Allentown, Pennsylvania.  On February 23, 1998, McPherson died as a result of the injuries he sustained from the gunshot.  The Commonwealth charged Johnson on March 3, 1998 with first and third degree murder.  On May 11, 1999, a jury convicted Johnson of both charges.  On June 30, 1999, the trial court sentenced Johnson to life imprisonment.

---

[1]  42 Pa.C.S.A. §§ 9541-46.

*Retired Senior Judge assigned to the Superior Court.

Johnson filed post-sentence motions on July 12, 1999, which were subsequently denied on November 10, 1999. On December 1, 1999, Johnson appealed his judgment of sentence to this Court. A panel of this court affirmed the judgment of sentence. Our Supreme Court denied Johnson's petition for allowance of appeal on August 20, 2001.

On May 22, 2012, Johnson filed his third pro se PCRA petition.[2] The PCRA court thereafter appointed Attorney Carol Marciano ("Attorney Marciano") to represent Johnson. On July 31, 2012, Attorney Marciano filed a "no-merit" letter and petition to withdraw as counsel pursuant to **Pennsylvania v. Finley**, 481 U.S. 551 (1987) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). In her "no-merit" letter, Attorney Marciano asserted that the PCRA court did not have jurisdiction to consider the merits of Johnson's claims as his PCRA petition was untimely and failed to satisfy any of the statutory exceptions to the timing requirement. The PCRA court held a hearing on Attorney Marciano's petition on August 20, 2013, at the conclusion of which the PCRA court informed Johnson that it would be issuing a notice of intent to dismiss his petition.

The PCRA court issued an order on October 3, 2013 pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, notifying Johnson of its intent to dismiss his petition without a hearing and its intent to grant

---

[2] Johnson previously filed two other PCRA petitions in 2002 and 2004.

Attorney Marciano's petition to withdraw.[3] On October 22, 2013, Johnson filed a response to the October 3, 2013 order. The PCRA court thereafter issued on order on November 14, 2013, denying Johnson's PCRA petition. On December 18, 2014, Johnson filed a notice of appeal to this Court.[4] On appeal, Johnson raises the following issues for our review:

> 1. Whether the PCRA court erred in denying [Johnson's] second or subsequent (successive) pro se petition under the post[-]conviction collateral relief act where [Johnson] asserts factual and statutory "exception rule" claims under Act 42 Pa.C.S. § 9545(B)(1)(ii) and § 9543(A)(2)(vi) of the post-conviction collateral relief act [?]
>
> 2. Whether the PCRA court erred in ignoring [Johnson's] underline [sic] statutory "exception rule"

---

[3] We note that prior to the PCRA court entering its order, Johnson filed a notice of appeal to this Court on September 19, 2013, docketed at 2798 EDA 2013. On November 18, 2013, the PCRA court requested that this Court dismiss the appeal as being premature. The PCRA court's request was granted, and on February 3, 2014, the appeal docketed at 2798 EDA 2013 was dismissed as duplicative of the appeal presently before this Court. **See** PCRA Court Opinion, 2/12/14, at 2, FN 2.

[4] Johnson dated his notice of appeal December 12, 2013, however, the notice of appeal was date stamped by the Lehigh County Clerk of Courts on December 18, 2013. Although the prisoner mailbox rule provides that a filing from an incarcerated pro se party is measured from the date the prisoner places it in the institution's mailbox, **see Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997), the record contains no proof of the dates of mailing. This matter could therefore be remanded to the PCRA court to permit Johnson to meet his burden of proof to establish that he complied with the prisoner mailbox rule and timely filed his appeal. **See Smith v. Pennsylvania Board of Probation and Parole**, 683 A.2d 278, 282-83 (Pa. 1996). Given our disposition of the substantive arguments proffered by Johnson, however, "it would be futile to do so." **See Commonwealth v. Chambers**, 35 A.3d 34, 40 (Pa. Super. 2011). Accordingly, we decline to remand this case for a determination of whether Johnson met his burden of proof to establish that he complied with the prisoner mailbox rule.

governing second or subsequent (successive) and/or repetitive petitions invoking the statutory act of 42 Pa.C.S.A. § 9545(B)(1)(ii) – facts unknown and not discovered by due diligence and Act 42 Pa.C.S.A. § 9543(A)(2)(vi) – newly after-discoverable evidence pursuant to the PCRA "exception rule"?

3. Whether [Johnson's] defaulted claims of the "exception rule" asserting factual facts unknown and newly –after-discoverable evidence is applicable to the "exception rule" of the PCRA one-year filing period?

4. Whether the PCRA court erred in dismissing [Johnson's] PCRA petition without holding a[n] evidentiary hearing to determine whether trial counsel was ineffective for withholding crucial detailed information favoring a guilty plea sentence lesser and lenient sentence offered by the prosecutor prior to and at [the] start of trial?

5. Whether the PCRA court erred when it granted PCRA counsel's motion to withdraw when the language it used shows that it incorrectly construed [Johnson's] second or subsequent PCRA petition upon a reliance of its motion to withdraw solely based upon a subsection of Act [42 Pa.C.S.A.] § 9545(B)(1)(iii) and ignored [Johnson's] underline [sic] claim of Act [42 Pa.C.S.A.] § 9545(B)(1)(ii) facts unknown and § 9543(A)(2)(vi) – newly-after discovered evidence?

6. Whether the PCRA court erred when it granted PCRA counsel's motion to withdraw when the language it used shows that it incorrectly construed [Johnson's] second or subsequent PCRA petition upon a reliance of its motion to withdraw solely based upon a[n] existence contra-distinction and controversial non-final disposition of the Lafler and Missouri vs. Frye – a new constitutional right being recognized and retroactive, when i[n] fact [Johnson's] usage of Lafler and Missouri v. Frye was to lend support to [Johnson's] PCRA petition under

- 4 -

Act [] 42 Pa.C.S.A. § 9545(B)(1)(ii) and not subsection (iii) as was not asserted therein [Johnson's] initial overall third PCRA petition?

Johnson's Brief at 5-6.

Before we reach the merits of the issues Johnson raises on appeal, we first address the PCRA court's determination that Johnson waived all issues for appellate review for failing to timely file his concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. PCRA Court Opinion, 2/12/14, at 2-3; Pa.R.A.P. 1925(b)(4)(vii). The record reflects that on January 8, 2014, the PCRA court ordered Johnson to file a 1925(b) statement within twenty-one days. Johnson did not file his statement until February 12, 2014, fourteen days after the deadline.

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003). Pro se litigants are required to comply with the procedural rules. ***Id.*** at 252. Accordingly, this Court may quash or dismiss an appeal for failure to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***

In ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998), our Supreme Court removed this Court's authority to allow discretionary review of noncompliant 1925(b) statements by establishing a bright-line rule that "in

order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* at 309. Moreover, issues raised by a pro se petitioner in an untimely 1925(b) statement are, in general, deemed waived. *Commonwealth v. Castillo*, 888 A.2d 775, 776 (Pa. 2005); *Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002). Accordingly, as Johnson failed to file his 1925(b) statement within the twenty-one days of the PCRA court's order, we are constrained to hold that the issues raised by Johnson on appeal are waived.

Nevertheless, even if we did not find Johnson's issues waived, we would find that Johnson is not entitled to relief on his claims. Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

This Court has held that the timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." *Commonwealth v. McKeever*, 947 A.2d 782, 784-85 (Pa. Super. 2008) (citing *Commonwealth v. Davis*,

916 A.2d 1206, 1208 (Pa. Super. 2007)). Therefore, "no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Id*.

Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*. at n.1 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)). The petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008) (citing 42 Pa.C.S.A. § 9545(b)(2)).

In this case, a panel of this Court affirmed the judgment of sentence on February 28, 2001. Our Supreme Court denied Johnson's petition for allowance of appeal on August 20, 2001. Thus, Johnson's judgment of sentence became final on November 20, 2001, when his time for seeking review to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b); U.S. Supreme Court Rule 13. Johnson, however, did not file the instant PCRA petition until December 18, 2013. Because the petition was not filed until twelve years had passed after the judgment of sentence became final, we conclude that Johnson's petition is facially untimely.

Johnson acknowledges the untimeliness of his appeal, but asserts that the petition satisfies the second exception to the timeliness requirement set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii) as "facts unknown." *See* Johnson's Brief at 1-24. It is well settled that in order to satisfy the second timeliness exception, which has been coined the "after-discovered evidence" exception, the petitioner must establish two components: (1) the facts upon which the claim was predicated were unknown [to the petitioner] and (2) could not have been ascertained by the exercise of due diligence. *Commonwealth v. Brown*, 111 A.3d 171, 176-77 (Pa. Super. 2015) (citing *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. Super. 2007)).

In this case, Johnson argues that his trial counsel, Attorney Philip Lauer ("Attorney Lauer"), provided ineffective assistance by failing to inform him of discussions and negotiations regarding a plea offer by the

Commonwealth to plead guilty to third-degree murder, and "withheld the sentencing aspects of the plea offer." Johnson's Brief at 4. Johnson asserts that he was unaware that Attorney Lauer negotiated the plea offer and was unaware of the sentencing aspects of the plea offer until late March 2012, when he received correspondence from Attorney Lauer, which he now attaches to his brief and relies upon as the basis for his petition. *Id.* at 10-11, 13-14; N.T., 8/20/13, at 9. After our review of the record, we conclude that Johnson failed to establish that the facts upon which his claim is based, were previously unknown to him.

At the August 20, 2013 hearing on Attorney Marciano's petition to withdraw as counsel, Johnson conceded that he knew of the plea offer at the time of his trial, stating, "The offer was made in open court." *Id.* at 7. Johnson further testified that he was present in open court when the plea offer was made. *Id.* at 8. Johnson fails to establish what "newly discovered" facts he ascertained from Attorney Lauer's letter regarding the plea offer he admittedly knew of and rejected in open court.

Attorney Lauer, at no point in the letter, states that he had discussions with the Commonwealth regarding the plea offer without Johnson present or discusses the nature of any negotiations with the Commonwealth regarding the plea offer. To the contrary, Attorney Lauer stated in his letter, in relevant part:

> I do believe that a third degree plea offer was made, and my file is not entirely clear on when, and under what circumstances, you and I discussed that. I am trying to put that together, and I have some additional places in storage to look. I will let you know as soon as I have any sort of definitive answer for you.
>
> In your letter to me, you indicate that you recall the plea offer being made "during my trial", and you also indicated that you answered "no to the plea". I am assuming, therefore, that we must have discussed it, but that you are contending that I did not give proper advice in that regard.

Johnson's Brief, at Exhibit A (Attorney Lauer's Letter, 4/25/12).

Moreover, Attorney Lauer's letter does not disclose any information regarding the sentencing aspects of the plea offer to support Johnson's assertion that he recently learned that the Commonwealth "offered a lesser and lenient sentence[.]" *Id.* at 4. As Attorney Lauer's letter does not disclose any information regarding the plea negotiations that took place or the sentencing aspects of the plea offer, we conclude that Johnson failed to identify or prove the existence of any newly discovered facts. Johnson therefore fails to satisfy the second timeliness exception under section 9545.[5]

---

[5] Johnson also pleads that he is entitled to relief for after-discovered-evidence under 42 Pa.C.S.A. § 9543. Johnson's Brief at 7. This Court has established that relying on section 9543 "as a basis for asserting an after-discovered-evidence claim under the PCRA, however, [does] not suspend Appellant's initial obligation to establish jurisdiction by alleging and proving (a) the existence of facts that were unknown to him and (b) his exercise of due diligence in discovering those facts." *Brown*, 2015 WL 500891, at *5

Accordingly, as Johnson has failed to prove that at least one of the three timeliness exceptions in section 9545 applies to his PCRA petition,[6] his petition is untimely and must be dismissed. The PCRA court properly dismissed Johnson's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2015

---

(citing 42 Pa.C.S.A. § 9545(b)(1)(ii); **Bennett**, 930 A.2d at 1272). As we have determined that Johnson failed to meet his obligation to establish jurisdiction by proving the existence of facts that were previously unknown, we conclude that Johnson's request for relief pursuant to section 9543 also fails.

[6] We note that Johnson also asserts in his petition that the third timeliness exception applies in this case. Johnson has not provided relevant argument in his brief regarding this issue. Even if Johnson provided relevant argument, however, his claim would fail as this Court has established that **Lafler v. Cooper**, 132 S.Ct. 1376 (2012), and **Missouri v. Frye**, 132 S.Ct. 1399 (2012), did not create a new constitutional right, and therefore, would not satisfy the timing exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(iii). **See Commonwealth v. Feliciano**, 69 A.3d 1270, 1277 (Pa. Super. 2013).